ON APPLICATION FOR REHEARING
MAX N. TOBIAS, JR., Judge.
|,The plaintiffs, Maloney Cinque, L.L.C. and Maloney Sept, L.L.C., filed an application for rehearing seeking a reversal on that portion of the judgment that applied a coinsurance penalty to the plaintiffs’ award pursuant to La. R.S. 22:1220 (now La. R.S. 22:1973). For the reasons that follow, we grant the rehearing and amend the judgment accordingly.
We have carefully examined both the application for rehearing and the opposition filed by Pacific and find that the issue of the application of the coinsurance penalty is very close. Clearly, the plaintiffs did not adequately insure their properties in the event of a total loss as was experienced here. However, Pacific failed to pay the claim in a timely manner; it failed to timely pay even the undisputed amount of the claim. This failure exposes Pacific to statutory penalties under La. R.S. 22:1220 in an amount that far exceeds the penalties awarded under La. R.S. 22:658. Had Pacific timely paid the loss, the coinsurance provision in the policy would have applied, thereby reducing the amount of consequential damages. |2However, it did not. Thus, under La. R.S. 22:1220, the coinsurance provision is inapplicable.[1]
In sum, we cannot say that the trial court abused its discretion when it granted the plaintiffs’ motion for new trial and deleted the application of the coinsurance provision which it had previously applied.
Consequently, the court acknowledges that it erroneously treated the statutory penalties for consequential damages under La. R.S. 22:1220 in the same fashion as those penalties award under La. R.S. 22:658 (now La. R.S. 22:1892) by applying the contractual coinsurance provisions for breach of the insurance contract. See Durio v. Horace Mann Ins. Co., 11-0084, p. 18 (La.10/25/11), 74 So.3d 1159, 1170; Neal Auction Co., Inc. v. Lafayette Ins. Co., 08-0574 (La.App. 4 Cir. 4/29/09), 13 So.3d 1135. Accordingly, the entire judgment is amended and recast as follows:
IT IS ORDERED, ADJUDGED, AND DECREED that judgment is rendered in favor of Pacific Insurance Company, Ltd. and against Maloney Cinque, L.L.C. and Maloney Sept, L.L.C. dismissing Plaintiffs’ claims for additional damages for business income loss.
IT IS ORDERED, ADJUDGED, AND DECREED that judgment is rendered in favor of Maloney Cinque, L.L.C. and Maloney Sept, L.L.C. and against Pacific Insurance Company, Ltd. (a) in the amount of $290,903 for extra expense damages, (b) La. R.S. 22:658 penalties in the amount of $72,725.75, and (c) judicial interest from date of judgment on both sums.
IT IS ORDERED, ADJUDGED, AND DECREED that judgment is rendered in favor of Maloney Cinque, L.L.C. and Maloney Sept, L.L.C. and *35 | against Pacific Insurance Company, Ltd. for La. R.S. 22:658 penalties in the amount of $151,580.50 for late wind-damage payments, plus judicial interest thereon from date of judgment.
IT IS ORDERED, ADJUDGED, AND DECREED that judgment is rendered in favor of Maloney Cinque, L.L.C. and Maloney Sept, L.L.C. and against Pacific Insurance Company, Ltd. for consequential damages (a) in the amount of $782,241.75, the amount that represents lost profits, (b) La. R.S. 22:1220 penalties in the amount of $1,178,362.62, and (c) judicial interest fi’om date of judgment on both sums.
IT IS ORDERED, ADJUDGED, AND DECREED that La. R.S. 22:658 penalties be assessed in favor of Malo-ney Cinque, L.L.C. and Maloney Sept, L.L.C. and against Pacific Insurance Company, Ltd. in the amount of $50,000, for the late payment of $200,000 in Busi-
ness Income, plus judicial interest thereon from date of judgment.
IT IS ORDERED, ADJUDGED, AND DECREED that judgment is rendered in favor of Pacific Insurance Company, Ltd. and against Maloney Cinque, L.L.C. and Maloney Sept, L.L.C. denying Plaintiffs’ claim for attorneys’ fees.
IT IS ORDERED, ADJUDGED, AND DECREED that judgment is rendered in favor of E.B. Ducasse Insurance Agency, Inc. and Utica Mutual Insurance Company and against Maloney Cinque, L.L.C. and Maloney Sept, L.L.C., dismissing plaintiffs’ claims against these defendants, with prejudice.

REHEARING GRANTED; JUDGMENT AMENDED; RENDERED.

. If we apply the coinsurance provision, Pacific is rewarded for breaching its duty of good faith and fair dealing with its insureds.